**Roger NORTON, Petitioner**

v.

**Luis S. SPENCER, Respondent**

**No. CIV.A. 01–30070–MAP.**

United States District Court,
D. Massachusetts.

April 16, 2003.

Stewart T. Graham, Jr., Hampden, MA, for Roger Norton.

Roger Norton, Gardner, MA, pro se.

William J. Meade, Dean A Mazzone, Attorney General's Office, Boston, MA, for Luis S. Spencer.

*MEMORANDUM REGARDING RESPONDENT'S MOTION FOR RECONSIDERATION AND PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS* (Docket Nos. 35, 1)

PONSOR, District Judge.

Petitioner Roger Norton has sought *habeas* relief from this court, based (among other things) upon the prosecution's failure to disclose exculpatory evidence at his trial, in violation of his rights as set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The respondent moved to dismiss the petition pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.

■ On March 25, 2003, the court issued its memorandum denying the Motion to Dismiss and indicating that it would allow the petition unless the respondent requested an evidentiary hearing by April 11, 2003. In this memorandum, the court found that AEDPA did not apply, since deference was not due to the state court when the state court did not address the

federal issue. *Fortini v. Murphy*, 257 F.3d 39, 47 (1st Cir.2001). The court also found that the petitioner had made an unrebutted showing of a substantial *Brady* violation. The unrebutted record established that, at the petitioner's state court trial, the prosecutor had deliberately concealed evidence that was not only highly exculpatory, but actually cast doubt upon the factual guilt of the petitioner.

On April 8, 2003, the respondent filed a Motion for Reconsideration of Order Concerning Election of Evidentiary Hearing (Docket No. 35). The respondent's motion provides further evidence in support of the axiom that no good deed goes unpunished.

The purpose of providing an opportunity for the respondent to request an evidentiary hearing was to bend over backwards to be sure that the respondent had every opportunity to defend against the petitioner's request for relief. In composing its memorandum, the court made it absolutely clear that the petitioner *had* made a showing sufficient, not merely to justify an evidentiary hearing, but sufficient to mandate immediate relief. The petitioner's factual representations were supported by unrebutted affidavits. Significantly, the Commonwealth has never at any point denied the existence of the exculpatory evidence, the prosecutor's knowledge of the exculpatory evidence, the prosecutor's deliberate decision to withhold disclosure of the exculpatory evidence, or the truth of the exculpatory evidence.

In order to be sure that the respondent was not so focused on his legal arguments that he inadvertently overlooked an opportunity to present opposing factual material, the court afforded the respondent an opportunity to put this opposing factual information on the record before allowing the petition. This was, emphatically, *not* a situation where the court shifted the burden to the respondent. On the con-

trary, and at the risk of repetition, the court found that the petitioner *had* fully carried his burden of showing not just an entitlement to an evidentiary hearing, but an entitlement to full substantive relief. To insure no confusion, and no possible prejudice to the respondent, the court gave respondent an opportunity to request an evidentiary hearing, if he desired one, before allowing the petition for writ of *habeas corpus* and ordering petitioner's release. This extra consideration to the respondent should not be distorted, in some way, into a suggestion that the *petitioner's* submissions were in any way inadequate. To repeat, petitioner more than carried his burden here.

Based upon the respondent's failure to request an evidentiary hearing, and in accordance with the court's order of March 25, 2003, the petitioner's Motion for Writ of *Habeas Corpus* (Docket No. 1) is hereby ALLOWED. The Motion for Reconsideration is DENIED. The respondent is ordered to release the petitioner unless, on or before July 11, 2003, the Commonwealth has instituted proceedings to retry the petitioner.

A separate Order will issue.

### ORDER

For the reasons stated in the accompanying memorandum, Respondent's Motion for Reconsideration (Docket No. 35) is hereby DENIED. Based upon this and upon the absence of any request for an evidentiary hearing by the respondent, the petitioner's Motion for Writ of *Habeas Corpus* (Docket No. 1) is hereby ALLOWED. The petitioner is ordered released unless, on or before July 11, 2003, the Commonwealth has instituted proceedings to retry the petitioner. Pending such further proceedings, the petitioner shall not be enlarged on bail, unless ordered released by some court having competent

jurisdiction. The clerk will enter judgment for petitioner. This file may now be closed.

It is So Ordered.